CHARLES E. CHIDSEY *v.* THE TOWN OF SCRANTON.

CONSTITUTION 1890. *Local law. Repeal. Laws* 1886, *p.* 820.

> Section 90, constitution 1890, which directs that certain matters shall only be provided for by general laws, and, among other things, declares that the legislature shall not pass local laws "exempting any person from jury, road or other civil duty (and no person shall be exempted therefrom by force of any local or private law)," does not merely prohibit enacting such laws in future, but repeals existing local laws containing the inhibited exemptions. The act of 1886 (Laws, p. 20), exempting members of Scranton Fire Company from road duty, was repealed thereby.

FROM the circuit court of Jackson county.
HON. S. H. TERRAL, Judge.
The opinion states the case.

70 Miss.—29

*H. Bloomfield* and *H. B. Everrett*, for appellant.

The contention of opposite counsel is that the local law under which appellant was exempted is repealed by paragraph (*k*), § 90 of the constitution. It will not be disputed that, without the parenthetical clause referred to, no existing law of the character inhibited would be nullified. That clause may be construed as a comment on, or enlargement of, the sentence in which it is placed. That this is the more rational interpretation is evidenced both by the use of the parentheses and the word *"exempted."* Language used in legislation is to be considered according to its ordinary acceptation. The only proper use of the parenthesis is to comment on or explain the sentence of which it is a part. Such is the idea suggested by its use in this instance. The use of the word " exempted " is suggestive of the same idea. To say that no person shall be exempt by the local law, even if placed in the position of this clause, might convey the idea that existing exemptions should no longer exist, though that would be an unnecessary economy of language. But the same idea is certainly not conveyed intelligently by declaring, in this case, that no person shall be *exempted* by force of a local law. " Shall be exempted," means only to deny the act of exempting in future, and can, by no process of reasoning, apply to persons already exempt. This is the meaning of the language used, and it is borne out by the use of the parenthesis.

It may be said that this construction renders the clause superfluous, but it is as just to the convention to say that it did a silly thing as that it undertook to do a sensible thing by silly use of language.

We further insist upon our construction, because private rights are affected, and we invoke the rule that such contruction shall be given as will best protect such rights. 34 Am. Dec., 81.

The language should be strictly construed. Courts never favor repeal by implication. *Pecot* v. *Police Jury,* 41 La. Ann., 706; 6 So. Rep., 677.

*Ford & Ford*, for appellee.

That the act relied upon was local, and of a character condemned by § 90 of the constitution, is not disputed. It was repealed, not by implication, but by the express terms of paragraph (*k*) in said section. The intention of the convention could not have been more clearly or forcibly expressed if it had referred to the act in question by its title. The object was to have the subjects enumerated governed by general laws, and to annul all local or private legislation. To hold that a part of paragraph (*k*) in parenthesis was intended to serve no other purpose than to explain other parts of the section, is to declare the parenthesis meaningless. Referring only to the future, how could an act of the legislature ever be a local or private *law* if enacted on a subject prohibited?

All laws should receive a sensible construction. General laws should be so limited in application as not to lead to absurd consequences. It will be assumed that the legislature intended such exception to its language which would avoid injustice or absurd consequences. *United States* v. *Kirby*, 7 Wall., 482. Nor can the convention be arraigned for using bad grammar. The appellant attempts to avert the meaning of the constitution by playing on the tenses of the word "exempt." We are unable to appreciate the objection.

The court will not overturn the plain intention of the makers of the constitution, even though it should be of opinion that the verb is used in the wrong tense. *Pointer* v. *Trotter*, 10 Smed. & M., 537.

COOPER, J., delivered the opinion of the court.

Section 90 of the constitution declares that "the legislature shall not pass local, private or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz.: (*a*) Granting divorces; (*b*) changing the names of persons, places or corporations; . . (*k*) exempting any person from jury, road or other civil duty

---

---

(and no person shall be exempted therefrom by force of any local or private law)."

The appellant was proceeded against under the ordinance of the town of Scranton for having failed and refused to work on the road. It is conceded that he has been properly convicted, unless he is exempt from such service.

The exemption relied on is claimed under an act, approved March 5, 1886 (Laws, p. 820), which declares "that the active members, to the number of fifty, of Scranton Fire Company No. 1, of the town of Scranton, Jackson county, Mississippi, be, and are hereby, exempt from road tax or duty; and that this act take effect from and after its passage."

It is sought to maintain the exemption by the rule of construction that repeals by implication are not favored, and by a criticism of the structure of the parenthetical clause of paragraph "*k*" above noted.

It is said in argument that this clause does not declare that no one shall be exempt from the duties referred to, but only that no one shall be exempted—meaning that no one shall claim exemption by reason of any special or local law thereafter enacted. This construction, if adopted, would render the clause superfluous, and without any force whatever, for, by the first clause of the paragraph, local, private and special laws of the class under consideration are prohibited; the only effect that the clause in parenthesis can have is to withdraw exemptions existing under special or local laws. Nor do we appreciate the criticism of counsel upon the structure of the sentence, for the appellant is not exempt unless *exempted* by the law, and this is precisely what the constitution forbids.

*The judgment is affirmed.*